

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1236
Re: Payment from the State to a
sheriff for conveying a pri-
soner to an examining trial
in another county.

We acknowledge receipt of your letter of
August 5, 1939, in which you request the opinion of
this department on the question of whether or not
the sheriff of Childress County is authorized to re-
ceive payment from the state for conveying a prison-
er to El Paso and return. In this connection we
quote the following portion of your letter:

"The Sheriff of Childress County convoy-
ed a prisoner from his jail to testify in
an examining trial in a felony case, at El
Paso, Texas, his prisoner being a material
witness for such examining trial in El Paso.
After the examining trial the Sheriff of
Childress County returned the prisoner to
jail in Childress.

"The prisoner was conveyed from Childress
County to El Paso County by virtue of a sub-
poena issued out of El Paso County.

"Is the Sheriff of Childress County au-
thorized to receive payment from the state
for conveying this prisoner, under the above
circumstances, to El Paso and return? If
so, is this department authorized to issue
warrant against the appropriation made with-
in the judiciary of this department for the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. George H. Sheppard, page 2

payment of Sheriffs for conveying prisoners?"

§ 2 of Article 1020 of the Code of Criminal Procedure of Texas, reads as follows:

"Sheriffs and constables serving process and attending any examining court in the examination of any felony case, shall be entitled to such fees as are fixed by law for similar services in misdemeanor cases in county court to be paid by the state, not to exceed Four and No/100 ($4.00) Dollars in any one case and mileage actually and necessarily traveled in going to the place of arrest and for conveying the prisoner or prisoners to jail as provided in Articles 1029 and 1030, Code of Criminal Procedure, as the facts may be, but no mileage whatever shall be paid for summoning or attaching witnesses in the county where case is pending. Provided no sheriff or constable shall receive from the state any additional mileage for any subsequent arrest of a defendant in the same case, or in any other case in an examining court or in any district court based upon the same charge or upon the same criminal act, or growing out of the same criminal transaction, whether the arrest is made with or without a warrant, or before or after indictment, and in no event shall he be allowed to duplicate his fees for mileage for making arrests, with or without warrant, or when two or more warrants or arrest or capiases are served or could have been served on the same defendant on any one day."

You will note that the provisions of Article 1020, above quoted, fix the amount of the fee and mileage expense to which the sheriff is entitled upon performance of duties imposed upon him by law and referred to by Article 1020. From the statement of facts set out in your letter, however, it does not appear that there was any duty on the part of the

Hon. George H. Sheppard, page 2

sheriff to convey the prisoner to the examining trial in El Paso. No attachment was issued for the witness, and it therefore appears that the sheriff was without authority to attend the examining trial in El Paso or to convey the prisoner thereto.

It is the opinion of this department that the sheriff of Childress County is not entitled to receive payment from the state according to the provisions of Article 1020, above quoted, and that there is no duty on the Comptroller to issue the warrant payable to the sheriff of Childress County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ross Carlton,
Assistant

APPROVED AUG 22, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN